# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIE J. SLATER and D. URIYAH AJAMU,**

        **Plaintiffs,**

**-vs-**                                              **Case No.  6:08-cv-160-Orl-22GJK**

**U.S. DEPARTMENT OF VETERANS AFFAIRS, B.C. GIBBARD, CLAUD BROOKHARDT, JOHN SANDIFER, SHERRI MCDECHNEY, and DENISE Y. WILLIS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

> **MOTION:**    **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 8)**
>
> **FILED:**      February 1, 2008
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the Motion be **DENIED** and the Complaint be **DISMISSED**.

> **MOTION:**    **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 9)**
>
> **FILED:**      February 1, 2008
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the Motion be **DENIED** and the Complaint be **DISMISSED**.

Willie Slater ("Slater") and Uriyah Ajamu ("Ajamu") (collectively "Plaintiffs") filed a *pro se* complaint ("Complaint") against the U.S. Department of Veterans Affairs ("VA") and various individuals (collectively, the "Defendants") alleging that the VA wrongfully denied Willie Slater access to his Disability Benefits Check. Docket No. 1. The Plaintiffs each filed separate Applications to Proceed *In Forma Pauperis* (collectively "Applications"), which are presently before the Court.

I. **THE LAW**

   a. **The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>   (A)  the allegation of poverty is untrue; or
>   (B)  the action or appeal --
>       (i)  is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

**b.     Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

**c.     Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine

whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639.  A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies.  *Id.*

        1.        <u>Frivolous Factual Allegations</u>

Factual allegations are frivolous for the purpose of Section 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)).  The district court may dismiss even meritorious legal theories under Section 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33.  "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Factual allegations in a complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint.  *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless."  For example, a district court may properly dismiss a complaint under 42 U.S.C. § 1983 as frivolous pursuant to Section 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants.  *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under Section 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).  In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to

answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Id.* (*citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990).[3] If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785. Thus, in the circumstances described above, when the factual basis for the claim is clearly baseless, the court may grant dismissal under Section 1915.

    2.    <u>Frivolous Legal Theories</u>

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

---

[3]To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129.

Under certain circumstances, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness even if the complaint states a claim for relief.[4] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326-29 (Rule 12 (b)(6) and former Section 1915(d) serve distinctive goals).

For example, a Section 1915 dismissal may be appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. The absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which may justify dismissal of a claim as frivolous. *See Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878

---

[4] The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of Section 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under Section 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under Section 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

F.2d 846, 850-51 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is another affirmative defense which may warrant a dismissal as frivolous. *See Franklin*, 563 F. Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a dismissal under Section 1915 may be appropriate. *Clark*, 915 F.2d at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a Section 1915 dismissal. It is also possible that the district court may use Section 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F. Supp. at 1324. Thus, if the legal theory advanced is indisputably meritless for the foregoing reasons, the court may grant dismissal under Section 1915.

### D.   **Veteran's Judicial Review Act**

Federal courts are courts of limited jurisdiction. Section 511 of Title 38, formerly Section 211, precludes judicial review of veterans' benefits determinations. The 1970 version of Section 211(a) provided that:

> The decisions of the Administrator on any question of law or fact under any law administered by the Veteran's Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

38 U.S.C. § 211(a) (*quoted in Johnson v. Robison,* 415 U.S. 361, 365 n. 5 (1974)). In *Johnson v. Robison,* 415 U.S. 361 (1974), the Supreme Court held that Section 211(a) precluded judicial review of decisions "made by the Administrator in the interpretation or application of a particular provision of the statute to a particular set of facts," but did not preclude review of the statute itself. *Id.* at 367. Relying on *Johnson*, courts have held that Section 211 does not bar suits in federal district court challenging the constitutionality of the statutes underlying the veterans' benefits program, but that Section 211 does bar challenges to individual benefits determinations. *Anderson v. Veterans Administration,* 559 F.2d 935, 936 (5th Cir.1977). Some courts extended the *Johnson* holding to constitutional challenges to policies and procedures promulgated by VA. *See Arnolds v. Veterans' Administration*, 507 F. Supp. 128 (N.D. Ill. 1981).

In 1988, Congress passed the Veterans' Judicial Review Act ("VJRA"), Pub.L.No. 100-687, 102 Stat. 4105 (1988), which clearly announced Congress's intent to preclude review of benefits determinations in federal district courts. The VJRA established an exclusive review procedure by which veterans may resolve their disagreements with the VA. The process begins when a claimant files for benefits with a regional office of the VA. Upon receiving a decision from the regional office, the claimant may appeal to the Board of Veterans' Appeals (the "Board"), which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. *See* 38 U.S.C. § 7104. An adverse decision by the Board may subsequently be appealed to the Court of Veterans Appeals.[5] 38 U.S.C. § 7252 (a). The Court of Veterans Appeals, an Article I court established

---

[5] As of March 1, 1999, the Court of Veterans Appeals is now the United States Court of Appeals for Veterans Claims.

by Congress in the VJRA, has exclusive jurisdiction over appeals from the final decisions by the Board. 38 U.S.C. §§ 7251, 7252 (a), 7266.

Section 511 provides:

<u>The Secretary shall decide all questions of law and fact necessary to a decision</u> by the Secretary under a law <u>that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans</u>. Subject to [the exceptions listed in] subsection (b), <u>the decision of the Secretary</u> as to any such question shall be final and conclusive and <u>may not be reviewed</u> by any other official or <u>by any court</u>, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (1991) (emphasis added). Thus, the express language of Section 511 prohibits judicial review of decisions by the VA regarding individual's claims for benefits.

Under limited circumstances, a claimant may then appeal a decision of the Court of Veterans Appeals to the United Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292 (2002) (federal circuit review may be obtained where the validity of a statute or regulation is questioned or where a controlling question of law is in dispute). Congress expressly gave the Federal Circuit "exclusive jurisdiction" to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). The United States Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the Court of Veterans Appeals. 38 U.S.C. § 7292. If necessary, a claimant may petition the United States Supreme Court to review the decisions of the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7291. "Except to the extent that an appeal under this chapter presents a constitutional issues, the Court of Appeals may not review: A) a challenge to a factual determination, or B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). The Eleventh Circuit maintains:

> Under the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court. Facial constitutional attacks on regulations promulgated by the Secretary may be pursued in one of two ways – either in accordance with the procedure set forth in the VJRA, or directly in the Federal Circuit Court of Appeals as permitted by 38 U.S.C. § 502.

*Hall v. U.S. Department Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996). Accordingly, judicial scrutiny is available as set forth in the VJRA or exclusively in the Federal Circuit Court of Appeals.

The United States Court of Appeals for the Eleventh Circuit has not addressed the issue of whether the VJRA precludes judicial review of constitutional challenges to VA benefit decisions. However, since the enactment of the VJRA, "federal courts have held repeatedly that they lack jurisdiction over constitutional challenges to VA benefits decisions." *Beamon v. Brown*, 125 F.3d 965, 972 (6th Cir. 1997) (citing *Zuspann v. Brown*, 60 F.3d 1156 (5th Cir. 1995) (district court lacked jurisdiction over benefits claim where plaintiff alleged due process violation)); *Sugrue v. Derwinski*, 26 F.3d 8, 10 - 11 (2d Cir. 1994); *Hicks v. Veterans Administration*, 961 F.2d 1367 (8th Cir.1992); *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1500 (2nd Cir. 1992) (federal courts precluded "from hearing claims--even if draped in constitutional terms--seeking a particular type or level" of VA benefits); *Pate v. Dept. of Veterans Affairs*, 881 F. Supp. 553, 555-56 (M.D. Ala. 1995) (district court lacked jurisdiction over benefits claim, "although couched in terms of a constitutional claim").

As the Sixth Circuit noted in *Beamon*:

The history of veterans' benefits legislation reinforces our conclusion that Congress intended to vest the [Court of Veterans Appeals] with exclusive jurisdiction over constitutional challenges to VA decisions. Before it was amended in 1988, 38 U.S.C. § 211(a), the predecessor to § 511(a), attempted to bar district court review of all VA decisions. Because Congress had not yet established the [Court of Veterans Appeals] with its jurisdiction to review VA decisions relating to benefits, § 211(a) might have been

> interpreted as a complete bar to the judicial review of all challenges to such decisions. Wary of the constitutional danger of precluding judicial review of constitutional claims, the Supreme Court decided in *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), that § 211(a) precluded review of decisions made by the VA Administrator, but did not preclude district court jurisdiction over constitutional challenges to acts of Congress relating to veterans benefits.

125 F.3d at 971-72 (internal citations omitted) (emphasis added).

The general rule prior to the enactment of the VJRA was that there was no judicial review of a VA decision. *Beamon*, 125 F.2d at 972; *Sugrue v Derwinski*, 26 F.3d 8, 12 - 13 (2d Cir. 1994) ("Congress has accorded frequent attention to the issue of judicial review of VA benefits determinations, and only in 1988 did it provide a limited form of review when it established the United States Court of Veterans Appeals"). Because the VJRA specifically granted the Court of Veterans Appeals jurisdiction to review constitutional challenges to claims processing procedures, the reasoning of the Supreme Court in *Johnson v. Robison* is no longer applicable. This Court finds that Congress clearly intended to preclude district court jurisdiction over VA decisions relating to individual benefits claims, including claims disguised as a constitutional attack.[6] 38 U.S.C. § 511 (formerly section 211). The decisions of the VA as to any question of law or fact affecting the benefits to veterans or their dependents are "final and conclusive and may not be reviewed by any other official or by any court" except in limited circumstances where a claimant may appeal to the United Court of Appeals for the Federal Circuit to question the validity of the statute. 38 U.S.C. §§ 511(a), 7292.

---

[6] The Court notes that, even after the enactment of the VJRA, district courts are *not precluded* from reviewing challenges to the constitutionality of acts of Congress affecting veterans benefits. *See Beamon*, 125 F.3d at 973; *Disabled American Veterans v. Department of Veterans Affairs*, 962 F.2d 136 (2d Cir. 1992). However, VJRA does preclude district courts from reviewing constitutionally based challenges to individual decisions of the VA. *Beamon*, 125 F.3d at 973.

-11-

## II. APPLICATION

Plaintiffs filed their *pro se* Complaint against the Defendants alleging that the VA wrongfully denied Slater access to his Disability Benefits Check. Docket No. 1. Federal courts are courts of limited jurisdiction, and the district court is precluded from judicial review of veterans' benefits determinations. The Complaint alleges that Slater was denied access to his Disability Benefits Check "in violation of the 14th Amendment to the Constitution of the United States of America." *Id.* As set forth above, several circuits have held that the district court does not have jurisdiction over a VA benefits claim which is asserted as a violation of the claimant's due process. The district court lacks jurisdiction over a VA benefits claim which is buried in a constitutional context. The Complaint simply presents a factual dispute as to whether Slater is entitled to the Disability Benefits. Slater's Complaint fails to state a claim for anything cognizable under federal subject matter jurisdiction. Therefore, the Complaint appears to be frivolous within the meaning of 28 U.S.C. § 1915.

**IT IS RECOMMENDED THAT:**

1. Plaintiffs' application to proceed *in forma pauperis* be denied because the complaint is frivolous and fails to state a claim.

2. Plaintiff's case should be DISMISSED without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Ann C. Conway
Unrepresented Party

Case 6:08-cv-00160-ACC-GJK   Document 18   Filed 03/20/08   Page 13 of 13 PageID 74