# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIE J. SLATER and D. URIYAH AJAMU,**

        **Plaintiffs,**

**-vs-**                                      **Case No.  6:08-cv-160-Orl-22GJK**

**U.S. DEPARTMENT OF VETERANS
AFFAIRS, B.C. GIBBARD, CLAUD
BROOKHARDT, JOHN SANDIFER, SHERRI
MCDECHNEY, and DENISE Y. WILLIS,**

        **Defendants.**

---

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PERMISSION TO APPEAL *IN FORMA PAUPERIS* (Doc.  No.  23)** |
| **FILED:** | **February 1, 2008** |
| **THEREON** it is **RECOMMENDED** that the Motion be **DENIED**. | |

Willie Slater ("Slater") and Uriyah Ajamu ("Ajamu") (collectively "Appellants") filed a *pro se* complaint ("Complaint") against the U.S. Department of Veterans Affairs ("VA") and various individuals (collectively, the "Defendants") alleging that the VA wrongfully denied Willie Slater access to his Disability Benefits Check.  Docket No. 1.  The Plaintiffs each filed separate applications to Proceed *In Forma Pauperis* (collectively "Applications") (Doc. Nos. 8, 9) and Affidavits of Indigency (collectively "Affidavits") (Doc. Nos. 13, 14), which were denied by the district court when it adopted the U.S.

Magistrate's Report and Recommendation (Doc. No. 18) and dismissed the Complaint for lack of subject

mater jurisdiction (Doc. No. 21). On April 18, 2008, Appellants filed their Notice of Appeal (Doc. No.

22) and the present Motion for Permission to Appeal *In Forma Pauperis* (the "Motion").

## I.      APPLICABLE LAW

### A.      Applications for Leave to Appeal In Forma Pauperis

Section 1915 of 28 U.S.C. and Fed.R.App.P. Rule 24 govern the determination of applications to

proceed *in forma pauperis*.  *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d

1113 (5th Cir. 1979).[1]  Section 1915 (a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the
> commencement, prosecution or defense of any suit, action or proceeding, civil or criminal,
> or appeal therein, without prepayment of fees or security therefor, by a person who submits
> an affidavit that includes a statement of all assets such prisoner possesses that the person
> is unable to pay such fees or give security therefor.  Such affidavit shall state the nature
> of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>                                *          *          *
> (3) **An appeal may not be taken in forma pauperis if the trial court certifies in
> writing that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (1996) (emphasis supplied).  Congress also mandates that the Court shall dismiss

a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or

malicious.  28 U.S.C. § 1915 (e)(2)(B)(i).  Section 1915 (e) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines
> that --
>             (A)  the allegation of poverty is untrue; or
>             (B)  the action or appeal --
>                        (I)  is frivolous or malicious;
>                        (ii) fails to state a claim on which relief
>                              may be granted; or

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as
binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> (iii) seeks monetary relief against a
> defendant who is immune from
> such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).

Rule 24(a) of the Rules of Appellate Procedure provides:

**(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> **(A)** shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> **(B)** claims an entitlement to redress; and
> **(C)** states the issues that the party intends to present on appeal.

**(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

**(3) Prior Approval.** A party who was permitted to proceed in forma pauperis in the district-court action, or was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> **(A)** the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> **(B)** a statute provides otherwise.

**(4) Notice of District Court's Denial.** The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
> **(A)** denies a motion to proceed on appeal in forma pauperis;
> **(B)** certifies that the appeal is not taken in good faith; or
> **(C)** finds that the party is not otherwise entitled to proceed in forma pauperis.

**(5) Motion in the Court of Appeals.** A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. R. App. P. 24 (a) (2002).  An appeal may not be taken *in forma pauperis* if the trial court certifies

that the appeal is not taken in good faith.  28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369

U.S. 438 (1962).  "Good faith" within the meaning of Section 1915 must be judged by an objective, not

a subjective, standard.  *See Coppedge*, 369 U.S. 438; *see also United States v. Wilson*, 707 F. Supp. 1582,

1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is not

frivolous.  *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S.

521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any

issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v.

Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good

faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck

v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal

is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application

should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile

proceeding).

**B.      APPLICATION**

Appellants' Complaint was dismissed because it ". . . fails to state a claim for anything cognizable

under federal subject matter jurisdiction.  Therefore, the Complaint [is] frivolous within the meaning of

28 U.S.C. § 1915."  Doc. No. 18 at 12.  Appellants have failed to comply with Rule 24(a)(1)(B) and ( C

), Federal Rules of Appellate Procedure, by providing an affidavit that shows an entitlement to redress

and states the issues that the Appellant intends to present on appeal.  Doc. No. 23 at 1.  Thus, it appears

the appeal is frivolous and fails to state a claim upon which any relief may be granted.

**THEREON it is RECOMMENDED** that Appellants Motion for Permission to Appeal *In Forma*

*Pauperis* be **DENIED**.

Failure to file and serve written objections to the proposed findings and recommendations in this report, pursuant to 28 U.S.C. § 636 (b)(1)(B) and (e) and Local Rule 6.02, within ten days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended at Orlando, Florida on April 30, 2008.

Copies furnished to:
Counsel of Record
Unrepresented Parties
Hon. Anne C. Conway
Clerk of the United States Court of Appeals
for the Eleventh Circuit

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE